IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHAUNCEY BENNETT, #259742 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-15-3024 |
| | | |
| KATHLEEN GREEN (Warden) | * | |
| PHIL FORD (P.A.) | | |
| STEPHEN T. MOYER (Secretary D.P. S.C..S.) | * | |
| Defendants. | | |
| | ***** | |

**MEMORANDUM**

On October 6, 2015, Chauncey Bennett filed this 42 U.S.C. § 1983 complaint, one of eight civil rights actions he filed that same day. Bennett, who is confined at the Eastern Correctional Institution ("ECI"), seeks miscellaneous relief along with compensatory and punitive damages. He claims that on January 6, 2015, Physician's Assistant Ford changed his medical front handcuffing status without an examination per the request of the disciplinary segregation housing unit manager. ECF No. 1. Bennett further states that his medical handcuffing status was restored by a physician on January 22, 2015. *Id*. The complaint was accompanied by an indigency application. Because he appears indigent, Bennett shall be granted leave to proceed in forma pauperis.

Section 1915A, Title 28, United States Code, provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009); 28 U.S.C. § 1915(A). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also Williamson v. Angelone,* 197 F. Supp. 2d 476, 478 (E.D. Va. 2001); *see also McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The screening is necessary to determine whether defendants should be required to respond to the action.

According to the statement of facts, Bennett's medical order for front handcuffing was changed without examination, but restored approximately two weeks later. Bennett fails to discuss what, if any, physical injury he experienced from the sixteen-day modification to his handcuffing status. The Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It is settled law that a prior physical injury is required for a prisoner to recover damages for any emotional and mental injury. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).

Further, Bennett does not discuss how Defendants Green and Moyer, the ECI Warden and the Secretary for the Maryland Department of Public Safety and Correctional Services, are liable on a personal or supervisory basis. In certain circumstances, supervisory officials may be held liable for the constitutional injuries inflicted by their subordinates. *See Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994) (citing *Slakan v. Porter,* 737 F.2d 368 (4th Cir. 1984)). This liability, however, is not premised on *respondeat superior,* but rather upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Id.* at 798 (quoting *Slakan,* 737 F.2d at 372–73). "[L]iability

2

ultimately is determined 'by pinpointing the persons in the decision-making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.' " *Id.* at 798 (quoting *Slakan,* 737 F.2d at 376).[1]

This complaint shall be dismissed without prejudice. A separate Order follows.

Date: October 9, 2015.                                        /s/
                                                              James K. Bredar
                                                              United States District Judge

---

[1] To establish supervisory liability against a warden or others under § 1983, Bennett must show: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw,* 13 F.3d at 799.